**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AUTOMOTIVE RESOURCE MANAGEMENT LLC, | : : : : : : : : : : : : : | Civil Action No. 21-2630 (SRC) <br><br> **OPINION** |
| Plaintiff, | | |
| v. | | |
| LORELEI FAVO, | | |
| Defendant. | | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Plaintiff Automotive Resource Management LLC ("ARM"). Defendant Lorelei Favo ("Favo") has opposed the motion. For the reasons stated below, the motion will be granted.

This case arises from a dispute between a former employer, Plaintiff, and employee, Defendant. The Complaint alleges that, just prior to her termination as an employee, Favo copied a large number of Plaintiff's confidential documents to her personal email account. The Complaint asserts five claims: 1) breach of contract; 2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA"); 3) violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA"); 4) violation of the New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38A-3 ("NJCROA"); and 5) conversion. Plaintiff now moves for summary judgment on all claims.

1

**LEGAL STANDARD**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for

summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).  "In reviewing the record, the court must give the nonmoving party the benefit of all reasonable inferences."  Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## DISCUSSION

The Court begins the analysis with Count IV, violation of the New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38A-3 ("NJCROA.")  The statute states:

> A person or enterprise damaged in business or property as a result of any of the following actions may sue the actor therefor in the Superior Court and may recover compensatory and punitive damages and the cost of the suit including a reasonable attorney's fee, costs of investigation and litigation:
>
> > a. The purposeful or knowing, and unauthorized altering, damaging, taking or destruction of any data, data base, computer program, computer software or computer equipment existing internally or externally to a computer, computer system or computer network;

3

    b. The purposeful or knowing, and unauthorized altering, damaging, taking or destroying of a computer, computer system or computer network;
    c. The purposeful or knowing, and unauthorized accessing or attempt to access any computer, computer system or computer network;
    d. The purposeful or knowing, and unauthorized altering, accessing, tampering with, obtaining, intercepting, damaging or destroying of a financial instrument; or
    e. The purposeful or knowing accessing and reckless altering, damaging, destroying or obtaining of any data, data base, computer, computer program, computer software, computer equipment, computer system or computer network.

Favo admitted the truth of the following factual assertions made by Plaintiff:

27. Defendant further agreed that confidential information includes all: business, marketing, legal, and accounting methods, policies, plans, procedures, strategies, and techniques; information concerning the company's earnings and methods for doing business; research and analysis projects, plans, and results; technical information, such as patterns and product specifications; trade secrets such as formulas, methods, processes, standards, and devices associated with the company's provision of services; names, addresses, telephone numbers of the company's employees, clients, vendors, and suppliers; customer or client lists and the names, addresses, and telephone numbers of the company's customers, clients, prospective customers, or clients; pricing, credit, and financial information and any and all other data or information relating to the operation and business of the company which is not known generally and/or readily accessible to the public.

28. Defendant admitted that she did not have permission to take confidential documents or information and give it to anyone else.

29. Defendant also admitted that she had an obligation to return all confidential and proprietary documents and information to ARM upon her separation from the company.

55. On or about January 1, 2020, New Year's Day, Defendant traveled to the ARM office in the afternoon.

56. Although the office was closed and the doors locked, Defendant had a key so she could let herself in.

57. While at ARM's offices, Defendant sent various e-mails from her work e-mail address to her personal e-mail address.

60. At 3:45 p.m. on January 1, 2020, Defendant forwarded yet another email from

4

>her work e-mail address to her personal e-mail address which contained confidential benefits information for employees of the DiPiano Group.
>
>62. According to Defendant, she left the office on January 1, 2020 somewhere between five and six o'clock in the evening.
>
>63. Later, in the middle of the night – at approximately 3:00 a.m. on January 2, 2020, the day she was terminated – Defendant returned to the ARM offices to continue forwarding various e-mails containing ARM's proprietary and confidential information to her personal e-mail address.
>
>72. Defendant admitted that she did not have any particular reason for forwarding any of the e-mails she forwarded between January 1 and 2, that she just blindly started forwarding e-mails and "didn't know what was there[,]" but admitted that the e-mails she forwarded contained confidential information.
>
>75. Defendant admitted that using any confidential or proprietary information obtained through her employment, other than for business related purposes, was unauthorized, and that her obligations to keep that information confidential extended beyond her dismissal.
>
>76. Defendant stated that she forwarded herself materials because she was "afraid they were going to use [her] as a scapegoat at some point."

(Pl.'s R. 56.1 SOF; Def.'s Resp. R. 56.1 SOF.)

The underlying facts of what Favo did with ARM's confidential information on January 1 and 2, 2020 are undisputed. These undisputed facts provide a basis for the determination that Favo knew that she copied confidential information belonging to ARM, transferring the copies she made from the ARM computer network to her personal email, and that she knew that she did so without authorization. This establishes all the elements of N.J.S.A. 2A:38A-3(a):

>a. The purposeful or knowing, and unauthorized altering, damaging, taking or destruction of any data, data base, computer program, computer software or computer equipment existing internally or externally to a computer, computer system or computer network;

There is no dispute that Favo purposefully, and without authorization, took data existing on ARM's computer network.

5

Favo's opposition brief does not specifically address the asserted NJCROA violation. As to her liability in general, Defendant makes two arguments, based on waiver and abstention. Defendant's waiver argument rests on the contention that Favo's supervisor at ARM was "aware that Favo utilized a personal laptop and thumb drives to bring alleged Confidential Information to and from work." (Def.'s Opp. Br. 7.) Defendant argues:

> Plaintiff was aware that Favo was in possession of alleged Confidential information in violation of the Agreements. Favo's removal of alleged Confidential Information through thumb drives, as well as her use of that information on her personal laptop was condoned and indeed encouraged by the Plaintiff, in order to facilitate the accomplishment of work assigned to Favo. Plaintiff therefore waived the requirements of the Agreements as applied to Favo.

(Def.'s Opp. Br. 8.) This has no relevance to Favo's actions on January 1 and 2, 2020. Favo does not even assert, much less offer evidence, that ARM had authorized her to enter the workplace at 3:00 A.M. and copy confidential documents to her personal email account; there is no basis to find that ARM had either condoned or encouraged her. Favo's waiver argument has no relevance to the determination that she is liable for violation of N.J.S.A. 2A:38A-3(a).

Favo also argues generally that this Court should abstain, pursuant to the Colorado River abstention doctrine, because there is a parallel ongoing state court proceeding. Favo points to her suit in New Jersey Superior Court against ARM for unlawful termination of her employment. Favo has not persuaded this Court that the concerns that formed the basis for the Colorado River decision have any application here. In Colorado River, the Supreme Court held:

> Turning to the present case, a number of factors clearly counsel against concurrent federal proceedings. The most important of these is the McCarran Amendment itself. The clear federal policy evinced by that legislation is the avoidance of piecemeal adjudication of water rights in a river system. This policy is akin to that underlying the rule requiring that jurisdiction be yielded to the court first acquiring control of property, for the concern in such instances is with avoiding the generation of additional litigation through permitting inconsistent dispositions of property.

Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 819 (1976). Favo has not demonstrated that, absent abstention, there is a danger of inconsistent dispositions of property. In the instant case, ARM seeks the return of its property, its confidential documents. Favo has offered no basis to believe that, in her state court litigation, the disposition of ARM's confidential documents is at issue, such that the danger of inconsistent dispositions of property is a real one.

Favo raises no other defenses to liability as to Count IV. This Court concludes that there are no disputes over material facts, and that Plaintiff has demonstrated its entitlement to judgment as a matter of law as to Count IV, for violation of N.J.S.A. 2A:38A-3(a). Next, this Court addresses remedies.

The Complaint states that Plaintiff seeks the following forms of relief:

A. Compelling Defendant to completely return and restore to Plaintiff possession of all the documents and information taken from Plaintiff's systems and destroy any copies of such documents or information in her possession.
B. Granting Plaintiff compensatory and punitive damages;
C. Awarding Plaintiff attorneys' fees and costs.

This Court has concluded that Favo is liable to ARM for violation of N.J.S.A. 2A:38A-3, and the statute authorizes all the types of relief that Plaintiff seeks. Plaintiff has established its entitlement to the specific injunctive relief it seeks, as well as to an award of attorney's fees and costs of this litigation.[1] Plaintiff shall submit an application to set the amount of fees and costs awarded. As to an award of compensatory and punitive damages, Plaintiff's brief makes no specific arguments. The only compensatory damages Plaintiff has identified are the costs of

---

[1] Defendant's brief notes the American Rule as to payment of costs of suit, but acknowledges that it is inapplicable where, as here, the statute authorizes fee-shifting.

this suit, which the award of attorney's fees and costs will remedy.[2]   This Court has no basis to award other compensatory damages.   Nor did Plaintiff make any argument for a specific award of punitive damages.   New Jersey's Punitive Damages Act states:

> Before entering judgment for an award of punitive damages, the trial judge shall ascertain that the award is reasonable in its amount and justified in the circumstances of the case, in light of the purpose to punish the defendant and to deter that defendant from repeating such conduct. If necessary to satisfy the requirements of this section, the judge may reduce the amount of or eliminate the award of punitive damages.

N.J. Stat. Ann. § 2A:15-5.14(a).   Plaintiff has made no showing of either reasonableness or justification under the circumstances, and this Court finds that the requirements of N.J.S.A. § 2A:15-5.14(a) have not been met; no punitive damages will be awarded.

Having determined that Favo violated N.J.S.A. 2A:38A-3, and that Plaintiff is entitled as a matter of law to a Judgment in its favor on Count IV, and having addressed all categories of relief that Plaintiff requested, the Court finds that Plaintiff will receive the complete relief that the Complaint sought and to which Plaintiff is entitled.   As a result, the Court need not reach the four other counts in the Complaint, because a judgment in favor of either party on those four claims will not change the outcome of this case, nor change the relief Plaintiff is entitled to. Plaintiff will receive all the relief to which it is entitled as a result of the judgment in its favor on Count IV, and the remaining claims in the Complaint are therefore redundant and will be dismissed as moot.

---

[2] At one point in the moving brief, Plaintiff appears to seek damages related to a November, 2019 incident, in which, Plaintiff alleges, important company data was corrupted as a result of Plaintiff's carelessness: "Further, Defendant's careless misuse of a flash drive destroyed months of bank reconciliations, depriving Plaintiff of their use." (P.'s Br. 25.)   Plaintiff has not established its entitlement to any damages related to the November, 2019 flash drive incident; no claims premised on negligence are in the Complaint.

In conclusion, Plaintiff's motion for summary judgment is granted. As to Count IV, the motion for summary judgment is granted, and Judgment in Plaintiff's favor shall be entered on Count IV. The remaining claims in the Complaint will be dismissed as moot. N.J.S.A. 2A:38A-3 authorizes awards of attorney's fees and costs, and Plaintiff shall file an application to establish the amounts of these awards. Plaintiff is entitled to injunctive relief which orders removal of the confidential documents from Defendant's possession and an injunction against her further use of those documents.

                                                 s/ Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.

Dated: April 11, 2022