UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUTOMOTIVE RESOURCE MANAGEMENT LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LORELEI FAVO,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 21-2630 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER, U.S.D.J.**

　　　This matter comes before this Court on the motion for an award of attorney's fees and costs by Plaintiff Automotive Resource Management LLC ("ARM"). The motion has been opposed by Defendant Lorelei Favo ("Favo.") For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

　　　On April 11, 2022, this Court entered Judgment in favor of Plaintiff on Count IV in the Complaint, a claim for violation of the New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38A-3 ("NJCROA.") The NJCROA states that a prevailing party "may recover . . . the cost of the suit including a reasonable attorney's fee, costs of investigation and litigation." N.J.S.A. 2A:38A-3. Plaintiff now moves for an award of the costs of suit, including attorney's fees. Plaintiff seeks an award of $122,446.08, of which $117,587.50 is for fees for attorney time and $4,858.58 is for costs. In support, Plaintiff has submitted a detailed accounting of the charges for attorney fees and costs. Defendant states that she does not challenge the veracity of the accounting. Defendant does not challenge the hourly rates charged for attorney time, but only a

1

few specific time amounts.

Generally, the party seeking attorney's fees must prove the reasonableness of its request. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To meet this burden, the party must "submit evidence supporting the hours worked and rates claimed." Id. If a party challenges the fee request, it must identify the portion of the fee request being challenged and state the ground for the challenge. Bell v. United Princeton Properties, 884 F.2d 713, 715 (3d Cir. 1989). The court possesses wide discretion "in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties." Id. at 721. A court may not award less in fees than requested unless the opposing party makes specific objections to the fee request. U.S. v. Eleven Vehicles, 200 F.3d 203, 211 (3d Cir. 2000).

Defendant opposes the motion on several grounds. Generally, Defendant questions the fees charged for time spent reviewing thousands of documents which were originally in Plaintiff's possession. The Court does not find the charges unreasonable. To the contrary, when thousands of documents have been misappropriated, it is reasonable that litigation over the misappropriation will require a review of what was taken; the fact that these documents were originally in Plaintiff's possession is irrelevant. The Court finds that the charges for review of misappropriated documents are reasonable.

Defendant further challenges this document review on the ground that these documents had already been reviewed by counsel for Plaintiff in a different case in state court. Defendant concedes, however, that this case and the case in state court were litigated by different firms, and fails to persuade this Court that it was unreasonable for counsel in this case to conduct its own review of the misappropriated documents at issue.

Defendant also notes that she expended under $20,000 in legal fees on this litigation.

This Court does not consider the cost of losing a lawsuit to be a measure of the reasonable cost of winning one.

In Defendant's certification in support of her opposition brief, Defendant raises nine specific challenges to time charge items, generally contending that the time charges were duplicative and excessive. This Court has reviewed these nine specific challenges and finds that, as to eight of the challenges, the amounts charged appear to be reasonable, not excessive. As a general matter, it is unsurprising that the records reflect that more than one attorney expended time in regard to the same element of the litigation, such as drafting the complaint; it is common practice for an associate and a partner to spend time on the same step in the litigation. It is only in regard to the charges for time spent on the service of process that the Court agrees with Defendant that three time charges are excessive, and that a charge of .10 hours of attorney time appears reasonable, but the additional charges of .30 hours of attorney time, for which $112.50 was billed, are excessive.

This Court finds that Plaintiff met its burden of supporting the fee application with evidence of the hours worked and rates claimed. Defendant raised nine specific objections to time amounts in Plaintiff's fee application. This Court has reviewed the nine specific objections and finds Defendant's challenge persuasive only in regard to charges relating to the service of process. As to all other charges in Plaintiff's accounting, the Court finds them reasonable. Defendant has persuaded the Court that $112.50 in charges relating to the service of process is not reasonable, and that amount will be deducted. Plaintiff applied for an award of $122,446.08, from which $112.50 will be deducted, resulting in an award for attorney's fees and costs in the amount of $122,333.58.

For these reasons,

**IT IS** on this 30th day of June, 2022

**ORDERED** that Plaintiff's motion for an award of attorney's fees and costs (Docket Entry No. 32) is **GRANTED** in part and **DENIED** in part, and Plaintiff is awarded attorney's fees and costs of suit in the amount of $122,333.58.

                                                                  s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER, U.S.D.J.